UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL J. SPERDUTI,

                  Plaintiff,

v.                                                                    1:18-CV-0527 (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      MARY ELLEN GILL, ESQ.
  Counsel for Plaintiff                                   KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                    DENNIS CANNING, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   JAMES DESIR, ESQ.
  Counsel for Defendant                               JOHN FISCHER, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

A. **Factual Background**

Plaintiff was born in 1985. (T. 250.) He completed the 11th grade. (T. 180, 378.)[1] Generally, Plaintiff's alleged disability consists of attention deficit hyperactivity disorder ("ADHD"), learning disabilities, and lower back problems. (T. 377.) His alleged disability onset date is September 22, 2003. (T. 250.)[2] His date last insured is June 30, 2010. (*Id*.) Plaintiff has no past relevant work. (T. 22.)

B. **Procedural History**

On August 13, 2014, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 250.) Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 19, 2017, Plaintiff appeared before the ALJ, Maria Herrero-Jaarsma. (T. 167-225.) On July 20, 2017, ALJ Herrero-Jaarsma issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 8-29.) On March 12, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

C. **The ALJ's Decision**

---

[1] There are also school records for an individual with the same name as Plaintiff indicating the individual graduated from high school in June of 1978. (T. 360-361.) These records clearly pertain to a different individual because Plaintiff was born in 1985. (T. 250.)

[2] Plaintiff previously received child's supplemental security income benefits, which ceased in April 2005 upon redetermination when Plaintiff reached age 18. (T. 374.) Plaintiff did not appeal the April 2005 determination. (*Id*.) Therefore, the ALJ made a determination of whether Plaintiff was disabled as of May 1, 2005.

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 13-24.) First, the ALJ found Plaintiff met the insured status requirements through June 30, 2010 and Plaintiff had not engaged in substantial gainful activity since May 1, 2005. (T. 13.) Second, the ALJ found Plaintiff had the severe impairments of: ADHD; borderline intellectual functioning; impulse control disorder; an anxiety disorder; social anxiety; low back pain; bilateral ankle tendonitis; and right wrist pain. (T. 14.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (*Id.*) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in [20 C.F.R. §§ 404.1567(b) and 416.967(b)] except he can frequently push and pull. He also can frequently climb ramps and stairs. [Plaintiff] can occasionally climb ladders, stoop (*i.e.*, bend at the waist), kneel, crouch (*i.e.*, bend at the knees), and crawl. He can frequently reach including overhead, handle including grasping, turning, and twisting objects, finger including fine manipulation, and feel with bother upper extremities. [Plaintiff] has no visual and communicative limitations. He should avoid exposure to extreme cold, extreme heat, wetness, and humidity. He is able to understand, carry out, and remember simple, routine and repetitive tasks defined as work that requires doing the same tasks everyday with little variation in location, hours or tasks and involving only simple, work-related decisions. [Plaintiff] can work in a low stress environment (*i.e.*, one with no supervisory responsibilities; no work at production rate pace, no fast-moving assembly line-type work, no independent decision-making except with respect to simple, routine decisions, and no more than occasional changes in work routines, processes, or settings). In addition, he can perform work that would not require a high level of attention to detail or work that would not require following written instructions unless there was a close supervision (*i.e.*, a supervisor explaining the instructions in detail at the start of the job). Verbal instructions are the preferred method for [Plaintiff] to receive instructions. [Plaintiff] may need to request assistance of supervisors. He can perform jobs that involve no more than occasional contact and interaction with supervisors, co-workers, and the public. [Plaintiff] can be around coworkers throughout the day, but cannot perform tandem job tasks requiring cooperation with coworkers.

3

(T. 16-17.) Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 22-23.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the ALJ committed legal error in formulating an RFC determination absent a medical opinion and failed to provide sufficient analysis connecting the evidence in the record to the RFC determination. (Dkt No. 14 at 11-13.)

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ's RFC determination was based on the record as a whole and included the credible limitations that Plaintiff alleged. (Dkt. No. 19 at 11-22.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

5

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)[3]. The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c),

---

[3] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

6

404.1527(e)(2), 404.1545(a), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

Plaintiff asserts the ALJ's RFC determination was the product of legal error because the ALJ failed to provide significant weight to any of the medical opinions provided and therefore improperly substituted her own lay judgment for medical expertise. (Dkt. No. 14 at 11-13.)

Contrary to Plaintiff's assertion, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Therefore, Plaintiff's assertion that the ALJ's RFC determination was the product of legal error because it was not supported by a specific medical opinion is without merit.

Plaintiff further asserts the ALJ's RFC was legally insufficient and not supported by substantial evidence because the ALJ merely summarized the evidence in the record and failed to provide an analysis connecting the evidence to her RFC determination. (Dkt. No. 14 at 11-12.) To be sure, remand may be appropriate, where an ALJ fails to assess Plaintiff's "capacity to perform relevant functions, despite contradictory evidence

7

in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In other words, "the ALJ must simply explain the link between his RFC assessment and the record evidence supporting that assessment." *Paul v. Colvin*, No. 15-CV-310, 2016 WL 6275231, at *2 (W.D.N.Y. Oct. 27, 2016).

Contrary to Plaintiff's assertion, the ALJ's decision provided a clear connection between the medical, and other, evidence in the record and her ultimate RFC determination. Here, the ALJ thoroughly summarized Plaintiff's testimony. (T. 17-18.) The ALJ then summarized the evidence in the record pertaining to Plaintiff's physical and mental impairments, including treatment. (T. 18-20.) The ALJ summarized Plaintiff's employment history, including Plaintiff's work with a job coach. (T. 20.) The ALJ summarized opinion evidence, medical and lay, and afforded the opinions specific weight. (T. 21-22.)[4]

In formulating her physical RFC determination, the ALJ noted none of Plaintiff's physical impairments caused "more than minimal limitations for at least 12 consecutive months"; however, the ALJ "gave [Plaintiff] the benefit of the doubt." (T. 20.) Plaintiff does not question the ALJ's determination that none of his physical impairments met the duration requirement. *See* 20 C.F.R. §§ 404.1509, 416.909 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement."). Despite finding that none of Plaintiff's physical impairments met the durational

---

[4] Plaintiff does not assert the ALJ erred in weighing the medical and lay opinion evidence in the record. (Dkt. No. 14.)

8

requirement, the ALJ limited Plaintiff to light work with additional non-exertional limitations.

The ALJ noted she included environmental limitations to account for Plaintiff's asthma. (T. 20.) The ALJ further noted her RFC was supported by Plaintiff's activities such as swimming, walking, hiking and camping. (*Id*.) Plaintiff does not assert the ALJ erred in her assessment of Plaintiff's activities of daily living.

Consultative examiner, Hongbiao Liu, M.D., examined Plaintiff and provided a medical source statement. (T. 640-643.) Dr. Liu opined Plaintiff had "no limitation for routine activities." (T. 643.) Dr. Liu opined Plaintiff "should avoid dust and other irritating factors to limit asthma attacks." (*Id*.)

Therefore, contrary to Plaintiff's assertion, the ALJ's decision contained a narrative linking the evidence in the record to her physical RFC determination. The ALJ's physical RFC was more restrictive than Dr. Liu's medical opinion and supported by the evidence as outlined by the ALJ. Further, Plaintiff fails to provide any evidence in the record to support a more restrictive RFC.

The ALJ's mental RFC was also proper and supported by substantial evidence. Although no medical source provided an opinion mirroring the ALJ's mental RFC determination, the ALJ provided sufficient analysis to enable meaningful review. *See Cichocki*, 729 F.3d at 177 (ALJ need not engage in a function-by-function analysis where the ALJ's step four analysis affords an "adequate basis for meaningful judicial review").

The ALJ noted evidence in the record indicating Plaintiff's difficulty obtaining work due to poor reading abilities as well as "ramifications from prison and various

psychological problems including impulse control disorder and an anxiety disorder." (T. 19, 600.) The ALJ also noted job coach observations that Plaintiff caught on quickly, did well with "general labor" type jobs that required repetition and did not involve working with the public. (T. 20, 557-558, 567.) The ALJ relied on records indicating Plaintiff's employment ceased due to problems with attendance or incarceration. (T. 20.) The ALJ specifically noted employment ending in January of 2014 due to alleged back problems; however, treatment records from October 2013 through January 2014 did not indicate complaints or treatment for back problems. (*Id*.)

Elshwere in her decision the ALJ outlined evidence in the record which she relied upon and ultimately supported her mental RFC determination for simple routine repetitive work with additional limitations. The ALJ noted Plaintiff obtained an IEP diploma. (T. 517.) Plaintiff stated he could follow verbal instructions but had problems following written instructions. (T. 15, 402.) Records show Plaintiff had trouble following multi-step instructions and required specialized instructional methods to learn new skills. (T. 15, 236-237.)

Regarding social functioning, the ALJ noted Plaintiff got along with family, friends, neighbors, and authority figures. (T. 15, 401, 403.) Plaintiff socialized with friends and kept in touch with family. (T. 15, 191-192, 632-633.) Job coaches observed Plaintiff interacted appropriately with co-workers. (T. 15, 518, 548-554.)

Plaintiff testified he had difficulty concentrating for long periods and completing tasks due to being distracted. (T. 402.) However, he could watch TV, listen to the radio, and drive a car. (T. 16, 401, 641.) Plaintiff could cook simple meals, clean the house, do laundry, wash dishes, and shop. (T. 156, 399, 632, 641.)

10

Consultative examiner, Janine Ippolito, Psy.D., examined Plaintiff and provided a medical source statement. (T. 630-634.) Despite borderline intelligence concerns, Dr. Ippolito opined Plaintiff was able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, relate adequately with others, and appropriately deal with stress. (T. 633.) The ALJ afforded Dr. Ippolito's opinion "partial weight." (T. 22.) A non-examining Stage agency medical consultant, H. Tzetzo, reviewed the evidence in the record, and despite some moderate and marked limitations, opined the "totality of the evidence suggests that [Plaintiff] would be able to do simple work." (T. 649.) The ALJ afforded Dr. Tzetzo's opinion "minimal weight" because she did not examine Plaintiff and lacked a longitudinal history with Plaintiff. (T. 22.) The ALJ also noted the opinions of vocational rehabilitations counselors who indicated Plaintiff was "Most Significantly Disabled." (T. 21.) The ALJ afforded these opinions reduced weight because the opinions were not supported by clinical findings or other documented medical evidence and were non-specific. (*Id*.) Plaintiff does not assert the ALJ erred in weighing the medical opinion evidence provided by Drs. Ippolito and Tzetzo, nor does Plaintiff argue the ALJ erred in weighing the opinions provided by the job coaches. (Dkt. No. 14.)

Although the ALJ afforded the consultative medical examiners' opinions partial and minimal weight, the opinions were not inconsistent with the ALJ's mental RFC determination. Overall, the ALJ's mental RFC determination was more restrictive than

the doctors' opinions and accounted for limitations testified to by Plaintiff and observed by Plaintiff's job coaches.

The ALJ's mental RFC determination was supported by the medical, and other evidence, as outline above. Although the mental RFC does not mirror any one medical opinion, the RFC is supported by the evidence as a whole. Further, the ALJ's decision contained sufficient analysis to provide meaningful review. As with Plaintiff's physical RFC, Plaintiff's mental RFC is more restrictive than any medical opinion provided, and Plaintiff fails to provide any evidence in the record of greater limitations than imposed by the ALJ. Therefore, the ALJ's properly assessed Plaintiff's RFC and her determination was supported by substantial evidence. The ALJ's determination is upheld.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 11, 2019

William B. Mitchell Carter
U.S. Magistrate Judge